447 F.2d 543
 James F. VOGAN, Administrator d.b.n. of the Estate of Robert M. Vogan, and Katherine Vogan, as Trustee Ad Litem for the next of kin of Robert M. Vogan
v.
John A. BYERS and Daniel G. Duker.
James F. Vogan and Katherine Vogan, Appellants.
 No. 19150.
 United States Court of Appeals, Third Circuit.
 August 27, 1971.
 
 Homer W. King, Pittsburgh, Pa., for appellants.
 Bruce R. Martin, Pittsburgh, Pa., for appellee, Duker.
 Frederick N. Egler, Egler, McGregor & Reinstadtler, Pittsburgh, Pa., (Andrew L. Weil, Pittsburgh, Pa., on the brief), for appellee, John A. Byers.
 Before SEITZ, ADAMS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 Plaintiffs appeal the district court's denial of a new trial after a jury verdict for the defendants in a medical malpractice suit under the Pennsylvania Wrongful Death and Survival Acts.
 
 
 2
 Plaintiffs' decedent, Robert M. Vogan, age 11, fractured his wrist and jaw in a sledding accident. Defendant Byers, a general surgeon, conducted an examination of decedent at the hospital and called in an oral surgeon to operate on decedent and wire his jaw. During the operation, the decedent became cyanotic due to insufficient oxygenation of the blood and died. This action followed.
 
 
 3
 At trial, plaintiffs sought to prove that one of decedent's ribs had been broken in the accident and had punctured his left lung; that the pressurized anesthetic used in the operation had leaked through this puncture into the chest cavity, causing a tension pneumothorax which led to cardiac arrest, anoxia, and finally death; that defendant Byers negligently failed to discover the broken rib and puncture; and that defendant Duker, the anesthesiologist, negligently ordered the administration of an inhalation type of anesthesia without examining the decedent.
 
 
 4
 During their case in chief, plaintiffs, over objection, introduced into evidence the records of the coroner's office including a report by Dr. William Zeiler of an autopsy performed the day decedent died. This report, which contained a finding of a broken rib, indicated that plaintiffs' theory of the cause of death was "the most likely sequence of events." In reliance on the autopsy findings, plaintiffs' expert witness, Dr. Robert Tuby, testified that he concurred in Dr. Zeiler's diagnosis.
 
 
 5
 On cross-examination of Dr. Tuby, it was brought out that just before trial Dr. Zeiler had placed in the hospital records an Addendum to his original report. On the basis of new information received from Dr. John Van Kirk, who had been present at both the operation and the autopsy, Dr. Zeiler speculated in the Addendum that decedent's rib was broken by heart massage during the operation and that, in light of recent advances in medical knowledge, decedent's rectal temperature of 107.8° "strongly suggests" that death was caused by malignant hyperpyrexia or hyperthermia (a chemical reaction to anesthesia causing an extreme rise in body temperature), instead of a tension pneumothorax as originally diagnosed. The Addendum further stated that the condition noted has a familial tendency and for this reason should be explained to the family.
 
 
 6
 After Dr. Tuby testified on redirect examination that the Addendum did not change his opinion, defendants moved for its admission into evidence. Their motion was granted by the district court over plaintiffs' objection, and the correctness of this ruling is the sole issue now before us.
 
 
 7
 Plaintiffs say the admission of the Addendum constituted error because (1) it contained nothing upon which Dr. Tuby based his opinion, and (2) it was not admissible under either the federal or state Business Records Acts (28 U.S.C. § 1732; Pa.Stat.Ann. tit. 28, § 91b). We agree that it was error for the district court to have admitted the Addendum over objection during the cross-examination of plaintiffs' witness. Furthermore, we think the requisites for admissibility under the Business Records Acts were not satisfied in the present case. In addition to the fact that Dr. Zeiler's preparation of the Addendum was not even remotely contemporaneous with the autopsy, his report of decedent's temperature and the conclusions he drew therefrom were based not upon any findings made at the autopsy but, rather, upon hearsay concerning an operation at which he was not present and which he had no duty to report. We therefore conclude that it was error for the district court to admit the Addendum as proof of the ultimate issue in litigation and thereby deny plaintiffs the opportunity to cross-examine Dr. Zeiler on his opinion. Nevertheless, we are satisfied from an examination of the evidence that the erroneous admission of the Addendum was harmless.
 
 
 8
 The Addendum suggests that the decedent died of malignant hyperpyrexia. The major part of the defense to this action was predicated on establishing that decedent had in fact died from this phenomenon, which the medical profession apparently has no known method of predicting, rather than from a tension pneumothorax caused by an undiscovered broken rib and lung puncture. Indeed, Dr. Van Kirk, whose observations formed the basis for the Addendum, was called by defendants, testified at length in support of his opinion that death was caused by malignant hyperpyrexia, and was subjected to probing cross-examination by plaintiffs' counsel.
 
 
 9
 It is not suggested by plaintiffs that Dr. Van Kirk's testimony was inadmissible. Thus, the jury had before it medical testimony arriving at an opinion which coincided with and was merely cumulative of that contained in the Addendum. See Woods v. National Life & Accident Ins. Co., 380 F.2d 843 (3rd Cir. 1967). Particularly since this testimony was developed through one who was present in the operating room during the final stages of the crisis, Dr. Zeiler's after-the-fact opinion in the Addendum added little in the way of corroboration to defendants' case. Considering the content of the Addendum in light of all the evidence, plaintiffs' inability to cross-examine Dr. Zeiler was not crucial.
 
 
 10
 We conclude that the erroneous admission of the Addendum was harmless. The judgment of the district court will be affirmed.
 
 ROSENN, Circuit Judge (dissenting):
 
 11
 I respectfully dissent. I cannot agree that the erroneous admission of the addendum was harmless.
 
 
 12
 The ultimate critical fact to be determined in this case was the cause of death. In permitting the introduction of Dr. Zeiler's addendum, the jury thus had before it his new and changed viewpoint as to the cause of death. Plaintiff, however, did not have the opportunity to test Dr. Zeiler's credibility under cross-examination or to secure his explanation for the insertion of the addendum into the patient's file just before trial. Nor was he able to develop Dr. Zeiler's response to other pertinent questions dealing with the purpose, timing and formulation of the addendum.
 
 
 13
 I do not believe that the error in admitting the addendum was or could have been cured by the testimony of Dr. Van Kirk. It was Dr. Zeiler who made the original autopsy report fixing the cause of death, not Dr. Van Kirk. It was Dr. Zeiler who was the author of the addendum and who, therefore, bore the responsibility for the change in his written opinion concerning the cause of death, not Dr. Van Kirk. Under these circumstances, Dr. Van Kirk did not have to meet on cross-examination the many difficult and troublesome questions that would have confronted Dr. Zeiler, nor was he called upon to make the explanations and justifications which would have faced Dr. Zeiler. The jury should have had the opportunity to observe him under cross-examination and, in the light thereof, assess his two conflicting opinions. The cross-examination of Dr. Van Kirk could not have served as a substitute under these circumstances.
 
 
 14
 There is an additional fact which merits consideration. The majority opinion indicates that the observations formed by Dr. Van Kirk were the basis for Dr. Zeiler's newly cast and changed opinion. The addendum, however, also reveals that he considered other sources, all of them hearsay. It recites that Dr. Zeiler's views were based in part on a symposium in 1968 on the subject of "Hyperpyrexia During Anesthesia" of the International Anesthesia Research Society. His views were also based upon a "review of the literature including the important article of Britt and Kalow, `Hyperrigidity and Hyperthermia Associated with Anaesthesia', in the Annals, New York Academy of Sciences, 1968." None of these additional sources were tested under cross-examination. A major portion of the defense in this case was built around this addendum. In my opinion, the admission of this crucial and self-serving exhibit without an opportunity of cross-examining its author was highly prejudicial.
 
 
 15
 I would reverse the court below and award a new trial.